# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 19-4348 |
| | ) | |
| TIMOTHY GREEN | ) | |

**UNITED STATES OF AMERICA'S MOTION TO STAY THE MANDATE**

Pursuant to Federal Rule of Appellate Procedure 41, Appellee United States of America moves this Honorable Court to stay the issuance of the mandate in this case until the deadline for filing a petition for a writ of certiorari, or if such a petition is filed, until the petition is finally resolved. This Court denied the Government's petition for rehearing en banc on October 19, 2020. ECF No. 53. The Court's mandate is therefore scheduled to issue on October 26, 2020. Fed. R. App. P. 41(b). Because this case and its companion case, *United States v. Medley*, No. 18-4789,[1] present substantial questions for resolution by the Supreme Court if the Acting Solicitor General were to authorize a petition for a writ of certiorari, and because the Acting Solicitor General has already sought Supreme Court review in the related case *United States v. Gary*, 936 F.3d 420 (4th Cir. 2020), there is good cause to stay the mandate pending further proceedings.

---

[1] As of the time of this filing, the United States' petition for rehearing en banc in *Medley*, which raises materially identical issues to the instant case, remains pending.

# ARGUMENT

**I.    A petition for certiorari filed in this case would present a substantial question for resolution by the Supreme Court.**

A motion to stay the mandate pending the possible filing of a petition for certiorari should be granted if "the petition would present a substantial question" and "there is good cause for a stay."  Fed. R. App. Proc. 41(d)(1).  Such a motion ordinarily "shall be denied unless there is a specific showing that it is not frivolous or filed merely for delay."  Loc. R. 41.

"[A]n appeal raises a substantial question when [it] presents a close question or one that could go either way."  *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (internal quotation marks omitted).  In determining whether a petition would present a "substantial question" for the Supreme Court, courts consider whether there exists a reasonable probability that certiorari will be granted and a reasonable possibility the Supreme Court will reverse the lower court's decision.  *See U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 481 U.S. 1301, 1302 (1987) (Rehnquist, C.J., in chambers); *United States v. Silver*, 954 F.3d 455, 458 (2d Cir. 2020).  The Supreme Court will grant a petition for a writ of certiorari only for "compelling reasons," such as when a court of appeals' decision conflicts with the decision of another court of appeals on the same important matter, or when a court of appeals' decision on an important question of

federal law conflicts with relevant decisions of the Supreme Court. S. Ct. R. 10(a), (c).

This Court's opinion and the *Medley* case on which it relies conflict with the decisions of every other circuit court to decide the question involved and thus concern precisely the type of "substantial question" that satisfies Rule 41. In *United States* v. *Rehaif*, 139 S. Ct. 2191 (2019), the Supreme Court held that in a prosecution brought for being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g), the government must show not only that the prohibited person knew he possessed a firearm, but also that he knew he had the relevant status—*e.g.*, the status of a felon—that made it illegal to possess the firearm. On August 21, 2020, a divided panel of this Court decided in *United States v. Medley*, 972 F.3d 399 (2020), that the failure to include the *Rehaif* knowledge element in the indictment and jury instructions constituted plain error requiring the vacatur of a jury's guilty verdict with instructions to dismiss the indictment without prejudice. One week later this Court applied *Medley* to the instant case, vacating the jury's guilty verdict.

The Court's decisions in this case and in *Medley* have created a conflict with its sister courts. At least seven different circuit courts—the Second, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh—have affirmed jury verdicts in spite of a materially identical *Rehaif* error and in spite of materially identical arguments to

3

those accepted by this Court. *United States v. Miller*, 954 F.3d 551, 559-60 (2d Cir. 2020); *United States v. Maez*, 960 F.3d 949, 964 (7th Cir. 2020); *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020); *United States v. Huntsberry*, 956 F.3d 270, 285-86 (5th Cir. 2020); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019); *United States v. Hollingshed*, 940 F.3d 410, 416-17 (8th Cir. 2019); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019).

The Government's decision to seek Supreme Court review of this Court's decision in the related case of *United States v. Gary*, 954 F.3d 194 (2020), further supports a stay of the Court's mandate here. In *Gary*, a panel of this Court decided that the failure to advise a defendant of the *Rehaif* element during the guilty plea colloquy required vacating the conviction on plain error review. *Id.* at 208. If the Supreme Court were to grant the Government's petition in *Gary*, the subsequent decision would inform the proper application of plain error review to *Rehaif* errors and thus inform the resolution of this case as well.

**II.   There is good cause to stay the mandate pending the filing of any petition for a writ of certiorari.**

In considering whether "good cause" exists to issue a stay, courts balance the equities involved. *Postal Serv.*, 481 U.S. at 1302. Here, the heavy burden of retrying the Defendant weighs strongly in favor of staying the mandate until a decision on certiorari is reached. Particularly so here where the evidence of the Defendant's knowledge of his prohibited status is so strong; as at retrial, the

Government would introduce the fact that the Defendant had served nearly a decade in prison for a prior conviction at the time he illegally possessed the firearm at issue. JA 1142-65

And the burden on the Government, the courts, and defendants would not be limited to this case alone. As Judge Quattlebaum's *Medley* dissent recognized, this Court's opinions threaten to upset "countless" § 922(g) convictions. *Medley*, 972 F.3d at 420, 431. Given the fact that "§ 922(g) is at or near the top of our most frequently charged criminal offenses," *United States v. Gary*, 936 F.3d 420, 424 (4th Cir. 2020) (en banc) (Wilkinson, J., concurring in denial of rehearing en banc), this Court's holding that omission of the *Rehaif* knowledge-of-status element from an indictment and jury instructions satisfies plain error review has the potential to impact a large number of cases currently pending on direct appeal.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court stay the issuance of the mandate in this case until the deadline for filing of a certiorari petition or, if a certiorari petition is filed, until the petition is finally resolved.

The undersigned has contacted counsel for Appellant, who objects to this motion.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:   */s/*
     Jason D. Medinger
     Burden H. Walker
     Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

This is to certify that on this 21st day of October 2020, a copy of the foregoing Response was filed via CM/ECF, and was thereby served upon all counsel of record.

                                                  /s/
                                        Burden H. Walker
                                        Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE

This filing was drafted in Times New Roman, 14-point font and contains 1,154 words, in compliance with Federal Rule of Appellate Procedure 27(d).

                                        /s/
                              Burden H. Walker
                              Assistant United States Attorney